William A. **LEONARD**

v.

The **UNITED STATES.**

No. 499–53.

United States Court of Claims.

March 1, 1955.

Thomas H. King, Washington, D. C., for plaintiff. John H. Coffman and F. O. Willenbucher, Washington, D. C., were on the brief.

Arthur E. Fay, Washington, D. C., with whom was Asst. Atty. Gen., Warren E. Burger, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

JONES, Chief Judge.

Plaintiff who is drawing disability retired pay upon the basis of the rank of lieutenant commander, seeks retired pay based upon the rank of commander, with back pay to the time of retirement in an amount equal to the difference in the two rates.

While serving on active duty as a lieutenant commander plaintiff was notified by an undated letter sent pursuant to ND Bulletin of 29 February 1949 that he had been selected for promotion to the temporary rank of commander, United States Navy. This action was approved by the Selection Board under date of November 1, 1949. Plaintiff was examined physically for promotion on January 26, 1950, and found not physically

qualified. He was retired for physical incapacity on April 1, 1950.

He was notified by letter from the Chief of Naval Personnel on June 19, 1951, that his retirement pay was based upon the rank of commander.

On August 26, 1952, however, the Assistant Comptroller General held that he was not entitled to retired pay based upon the rank of commander, but upon that of lieutenant commander instead.

Section 312(i) Officer Personnel Act of 1947, 61 Stat. 795, 860, 34 U.S.C.A. § 410j(i), is in pertinent part as follows:

"Officers [of the Navy] on a promotion list who, at any time prior to promotion, are found incapacitated for service by reason of physical disability contracted in line of duty shall, when retired, be retired in the rank for which they were selected, with retired pay at the rate of 75 per centum of the active-duty pay of the grade to which selected. * * *"

The fifth proviso of section 402(d) of the Career Compensation Act of 1949, 63 Stat. 802, 818, 37 U.S.C.A. § 272(d), is as follows:

"*Provided further,* That if the physical disability entitling such member to disability retirement pay is found to exist as a result of a physical examination given in connection with effecting a permanent promotion or a temporary promotion where eligibility for such temporary promotion was required to have been based upon cumulative years of service or years of service in rank, grade, or rating, the disability retirement pay of such member shall be based upon the basic pay of the rank, grade, or rating to which such member would have been promoted but for such disability, if such rank, grade, or rating is higher than any other rank, grade, or rating upon which such pay is herein authorized to be computed and which such member would have been entitled to receive if serving on active duty in such rank, grade, or rating".

Both parties have agreed that the case may be decided upon the pleadings and upon the facts that are a matter of official record, and that there is no dispute as to the facts. Both parties upon the pleadings and official record have moved for summary judgment.

The defendant in effect concedes that by the terms of section 312(i), supra the plaintiff would be entitled to retired pay on the basis of the rank of commander, but insists that the provisions of that section were repealed by the fifth proviso of section 402(d) of the Career Compensation Act of 1949, supra, and that by the terms of the latter act it was required that the physical disability which would entitle an officer to receive the active-duty pay of the rank to which he had been selected for promotion must be "found to exist as a result of a physical examination given in connection with effecting a permanent promotion or a temporary promotion." Defendant claims that plaintiff's disability was known before the physical examination and that the disability therefore was not found to exist as a result of a physical examination in connection with promotion and therefore the terms of the fifth proviso of section 402(d), supra, were not met.

The plaintiff takes the position that section 312(i) is still in effect, and that under its terms he is entitled to recover, and that the terms of that section were not repealed by the Career Compensation Act of 1949. He also contends that he is entitled to recover on the basis of the higher rank by the terms of the Career Compensation Act of 1949 which he claims is complied with because his disability was found to exist as a result of a physical examination given in connection with effecting his promotion.

In placing the two provisions alongside each other it appears doubtful that Congress intended by the Career Compensation Act of 1949 to repeal the specific provisions of section 312(i). It appears rather that the Career Compensation Act was intended to confirm the rights grant-

ed by section 312(i) of the Officer Personnel Act of 1947, supra.

However, it is not necessary to decide that question in this particular case because as we construe the record it appears manifest that plaintiff's disability was "found to exist as a result of a physical examination given in connection with effecting a * * * promotion * * *."

It is true that by orders dated September 26, 1949, plaintiff was ordered from his duty station at the United States Submarine Base, New London, Connecticut, for medical treatment at the United States Naval Hospital, St. Albans, New York, with a diagnosis of pituitary basophilism for a period of two months' treatment.

By the pleadings the defendant admits that the plaintiff while serving on active duty as lieutenant commander, United States Navy, was selected, and that the selection was approved by the Selection Board on November 1, 1949, for promotion to the grade of commander, United States Navy, and that on January 26, 1950, he was examined for promotion by a board of medical examiners and found not physically qualified for promotion.

On December 21, 1949, the Commanding Officer, United States Naval Hospital, St. Albans, New York, advised the Chief of Naval Personnel that plaintiff would probably be retired, and recommended that plaintiff be detached from his duty station for continued treatment for an indefinite period.

On January 24, 1950, the plaintiff was authorized to appear before the Physical Evaluation Board, Third Naval District, on January 27, 1950, or as soon thereafter as might be practicable.

The report from the United States Naval Hospital at St. Albans, New York, recites that pursuant to the instructions the plaintiff appeared before the Board of Medical Examiners on the 26th of January 1950, for examination to determine physical fitness for promotion to the next highest grade. These orders for physical examination and the appearance of plaintiff for that purpose, and the detachment from duty on the 13th day of January 1950, in order to continue treatment, and an order for retirement effective April 1, 1950, are all so close together as to be part and parcel of one continuous transaction, and taken together almost preclude any other reasonable conclusion than that plaintiff's disability was found to exist as a result of a physical examination given in connection with effecting his promotion.

Under the terms of either of the disputed provisions, or by construing them both together, plaintiff is entitled to retirement with retired pay based on the rank of commander, United States Navy, from April 1, 1950.

Plaintiff's motion is granted, and defendant's motion is denied. Entry of judgment is suspended pending the filing of a report by the General Accounting Office showing the amount due plaintiff in accordance with this opinion.

This is a continuing claim.

LARAMORE, MADDEN, WHITAKER, and LITTLETON, JJ., concur.