Laramore, Judge,
delivered the opinion of the court:
Plaintiff, a colonel, Army of the United States, who has been retired for physical disability, brings suit in this court claiming entitlement to an increase in his retired-pay benefits. The facts stated as simply as possible are as follows:
On July 12,1918, plaintiff was commissioned as an officer, National Army, and served on active duty until March 8, *377 1919, when he was honorably discharged. On January 28, 1920, he was appointed a first lieutenant, Officers’ Reserve Corps, and advanced to the rank of colonel on May 27,1941. Upon the outbreak of World War II, plaintiff was called to active duty and served from August 8,1941 to July 15,1946, at which time he was released not by reason of physical disability.
In February 1949, plaintiff filed an application with the Army requesting to be retired for physical disability and asked that a board be appointed to pass upon the question of his entitlement thereto. Pursuant to his request, plaintiff was ordered to Walter Reed Hospital for physical evaluation, including, appearance before a disposition board and, if warranted, an Army retiring board.
Plaintiff was originally scheduled to have a hearing in October 1949, but this was postponed until December 7,1949, when the physical evaluation board found that plaintiff was physically unfit due to “Encephalopathy, secondary to surgical removal of right frontal meningioma at Johns Hopkins Hospital, 27 January 1948, manifested by seizures.” The board further found that plaintiff’s disability was not 30 percent or more in accordance with the standard schedule of rating disabilities in current use by the Veterans’ Administration and that it was not service connected.
As a result of these adverse findings of the board, plaintiff requested and was granted a reconsideration of his case, which also resulted in a finding of nonservice-connected disability. During this same period in which plaintiff was seeking disability retirement from the Army, he was rated by the Veterans’ Administration as 100 percent disabled from August 11, 1948. This rating was based upon a finding by the Veterans’ Administration that symptomatic manifestations of brain tumor subsequently diagnosed as meningioma, evaluable as 10 percent disabling, made their appearance within one year subsequent to plaintiff’s separation from the service and were thus service connected.
On January 31, 1950, plaintiff was notified that he was “placed on the Army of the United States Retired List in the grade of Colonel on 31 January 1950 with entitlement to retirement pay from 1 February 1950 under the provisions *378 of sections 301 and 302 of the Act of Congress approved 29 June 1948 (P. L. 810, 80th. Congress), having been found, upon application to be eligible for such benefits by reason of age and satisfactory military service as defined in the above mentioned act.” This retirement pay was based upon length of service and not physical disability incurred while on active duty.
In March 1950, the Army Physical Disability Appeal Board reviewed the previous findings that plaintiff was not disabled as an incident of service and found that at the time he was released from service on July 15, 1946, he was in fact 60 percent disabled in accordance with the standard schedule of rating disabilities in current use by the Veterans’ Administration and that such disabilities arose as an incident of service. This action of the Appeal Board was approved by order of the Secretary of the Army on March 31, 1950, and plaintiff was notified that he was eligible for retirement pay based upon the percentage of his disability or on the years of active service for which he was credited. Army orders were cut ordering plaintiff’s retirement effective March 31, 1950, in the grade of colonel under the provisions of sections 402 and 409 of the Career Compensation Act of 1949, 63 Stat. 802, with a disability rating of 60 percent. Plaintiff was paid disability retirement pay at the rate of $418.95 per month for the period from April 1, 1950 through July 31, 1951, as provided in section 402 (d) of the Career Compensation Act; i. <?., 60 percent of the basic pay of a colonel with over 30 years’ service. These payments were discontinued beginning with August 1951, due to a ruling by the Comptroller General that Reserve officers may not be retired with disability pay unless at the time of the determination of disability the officer was drawing basic pay. Plaintiff was not receiving basic pay at the time he was determined to be physically disabled as an incident of service and therefore under the Comptroller General’s decision was ineligible to continue to receive disability retirement pay.
As a result of his being denied disability retired pay, plaintiff filed an application with the Army Board for Correction of Military Records requesting that they correct his records to show that his release from active duty on July 15, 1946, *379 was by reason of physical disability. On March 9, 1953, the Secretary of the Army, in accordance with the recommendation of the correction board, corrected plaintiff’s military records to show that he was released from active duty by reason of physical disability and certified him eligible for receipt of retirement pay benefits under the provisions of the Act of April 3, 1939, 53 Stat. 555.[1] The Secretary also ordered payment of any back pay due plaintiff from April 1, 1950, by reason of the correction of his military records, offset by any amounts received by him from the Army or the Veterans’ Administration in connection with his service connected disability since that date.
On May 5,1953, the Army Physical Review Council, which was established under sections 413 and 414 (a) of the Career Compensation Act, reviewed plaintiff’s case to determine his eligibility and percentage of disability for compensation based upon the provisions of the Career Compensation Act. The Review Council found:
At the time this individual was last retired or granted retirement pay his percentage of disability (determined in accordance with the Schedule of Rating for Veterans’ Administration) was 60%, based on the disabilities listed on attached sheet [1. Meningioma — 60 percentum — VA Code Number 8003], all of which were considered.
Then on June 10, 1953, plaintiff was sent a letter by the Adjutant General pursuant to the requirement of Executive Order No. 10124, April 25, 1950,[2] requesting that plaintiff make an election to receive payment of retired pay (1) based upon the finding of 60 percent disability and the rate of pay prescribed therefor under the Career Compensation Act, (2) based upon a rate computed by the amount of years of active service, also as provided for in the Career Compensa *380 tion Act, or (3) based upon the rate to which he was entitled to under the old schedule.
Plaintiff replied to this letter by saying that he had an action pending in this court and did not desire to make an election until it was disposed of. He requested that he continue to receive pay for retirement based upon length of service, P. L. 810, sufra.[3]
Plaintiff was then advised that inasmuch as his records had been corrected to show that he was released from active duty by reason of physical disability on July 15, 1946, he was entitled to the disability retirement pay in effect at that time. As previously noted in footnote 1, this amounted to 75 percent of the pay of a colonel as increased by plaintiff’s creditable longevity. Thereafter plaintiff was paid the sum of $25,132.87 which represented disability retired pay from July 15, 1946 to January 31, 1954, at the rate of 75 percent of the retired pay of a colonel as prescribed by the laws in effect prior to October 1, 1949 (effective date of the Career Compensation Act), increased by four percent from May 1, 1952, and less all retirement pay benefits paid during the period February 1,1950 to January 31,1954.[4]
Plaintiff wrote the Adjutant General that this settlement was satisfactory, and that he was now electing to receive pay under the Career Compensation Act based upon a determination of a disability rating of 75 percent thereby entitling him to the maximum disability retirement rates authorized by the act. The Adjutant General answered plaintiff stating that he was not qualified for the maximum rates because he had only a disability percentage rating of 60 percent. Under section 402 (d) of the Career Compensation Act this would entitle him to be paid 60 percent of the basic pay of a colonel.
Plaintiff again wrote the Adjutant General stating that it was his position that he was entitled to pay from October 1, 1949, based upon a disability percentage rating of 75 percent. Finally under date of September 2, 1954, plaintiff wrote and informed the Adjutant General of his election to receive *381 disability retirement pay computed under the law in effect on the date preceding the date of the enactment of the Career Compensation Act. This was the third choice offered him in the letter from.the Adjutant General on June 10, 1953. Plaintiff brings this action to recover, between the period October 1, 1949 and December 31, 1954, the difference between the retired pay he did receive and the amount he would have received if it had been computed on the basis of 75 percent of the basic pay rates authorized in the Career Compensation Act.
Plaintiff predicates this claim on two separate theories; (1) that the Army did not correctly evaluate his disability in accordance with the provisions of the Career Compensation Act when it allowed him a disability rating of only 60 percent, and (2) that notwithstanding a disability rating of 60 percent he is entitled under section 402 (i) of the Career Compensation Act and the fourth paragraph of section 15 of the Pay Eeadjustment Act of 1942, 56 Stat. 367, to be paid at the rate of 75 percent of the basic pay rates of his grade as authorized in the Career Compensation Act.
As to plaintiff’s first position, we are unable to agree that he was entitled to a disability rating of 75 percent. Section 411 of the Career Compensation Act permits any former member of the uniformed services theretofore retired by reason of physical disability and then receiving or entitled to receive retirement pay to elect, within five years, to receive retirement pay based upon the higher rates of pay authorized under the provisions of that act, or to received retired pay computed upon length of active service, also prescribed in the Career Compensation Act. The act further provides that a person previously receiving retired pay may continue to receive such pay based upon the laws in effect the day previous to the day of enactment of the Career Compensation Act.
Plaintiff must be treated as having been retired for physical disability on July 15,1946, the date he was released from active duty. This is true because the Secretary of the Army, pursuant to plaintiff’s request, corrected the records to show that plaintiff was released from active duty on July 15,1946, by reason of physical disability and certified for retirement under the act of April 3,1939. Plaintiff therefore qualifies *382 as a former member of tbe uniformed service theretofore retired by reason of physical disability and has tbe right of election under section 411.
However, section 411 requires that those who elect to receive the disability retired pay under the Career Compensation Act must have their percentage of disability determined “as of the time he was last retired or as of the time he was granted retirement pay, as the case may be, and the percentage of disability will be determined in accordance with the standard schedule of rating disabilities in current use by the Veterans’ Administration”. The importance of the determination of the percentage of disability lies in the fact that, pursuant to section 402 (d), the amount of disability retired pay authorized is determined by the percentage of disability up to a maximum of 75 percent. Section 402 (d) contains two formulas for computing the disability retired pay, but the only one that plaintiff is claiming provides for the multiplying of the monthly basic pay of the grade held by the percentage of disability. Therefore if plaintiff was correct in claiming that he was more than 60 percent disabled he would have been entitled to increased disability retired pay up to the maximum of 75 percent.
Sections 413 and 414 (a) vest in the Secretary of the service concerned the power to determine the percentage of disability. This the Secretary of the Army did when he offered plaintiff, through the Adjutant General, the right to elect to receive disability retired pay under the Career Compensation Act on the basis of a 60 percent disability rating. This disability rating was apparently based upon the findings of the Army Physical Review Council, which found that plaintiff had a 60 percent disability rating as of the time he “was last retired or granted retirement pay”. Plaintiff says that this rating is erroneous because it was based upon plaintiff’s condition as of July 15, 1946, at the time he was released from the service, whereas it should have been based upon his condition subsequent to his operation at Johns Hopkins Hospital in 1948. • Plaintiff argues that this latter date is the correct one for evaluation because if plaintiff’s physical condition had been known at the time of his release in 1946 he would not have been released but retained *383 on active duty for treatment and would, therefore, have had a later retirement date upon which to base a disability percentage for the purposes of the Career Compensation Act. We fail to find merit in this contention. There is nothing in the record to show that the Army should have done anything other thhn retire plaintiff for physical disability. This was done when the Secretary of the Army corrected his records to show that he was retired as of July 15, 1946, for physical disability. In the absence of arbitrary or capricious action on the part of the Secretary, the plaintiff is bound by that determination. The Secretary was therefore correct in evaluating plaintiff’s percentage of disability as of July 15,1946, and plaintiff is not entitled to an evaluation based upon a percentage of disability determined at a later date.
Plaintiff’s next contention raises a point which we have not had opportunity to discuss heretofore. He says that section 402 (i) of the Career Compensation Act and the fourth paragraph of section 15 of the Pay Readjustment Act of 1942, 56 Stat. 359, 367, grant to him the right to have his disability retirement pay computed at the rate of 75 percent of the basic pay authorized under the Career Compensation Act. This right is claimed notwithstanding the fact that he was rated as having a percentage of disability of only 60 percent.
The fourth paragraph of section 15 of the Pay Readjustment Act of 1942 provides:
The retired pay of any officer of any of the services mentioned in the title of this Act who served in any capacity as a member of the military or naval forces of the United States prior to November 12,1918, hereafter retired under any provision of law, shall, unless such officer is entitled to retired pay of a higher grade, be 75 percentum of his active duty pay at the time of his retirement.
Section 402 (i) of the Career Compensation Act states:
All members of the reserve components heretofore or hereafter retired or granted retirement pay because of physical disability shall be entitled to the same pay, rights, benefits, and privileges provided by law or regulation for retired members of the regular services.
*384 Plaintiff would have us hold that an election by a previously retired nonregular officer, who has served in the service prior to November 12,1918, to receive disability retired pay under the provisions authorized in the Career Compensation Act entitles him to compute his pay upon the basis of 75 percent of the basic pay so provided in that act. In other words, plaintiff claims that when an election is made under section 411 of the Career Compensation Act to qualify for the disability pay provided for by that act, it is in effect a retirement under the provisions of the Career Compensation Act and that section 402 (i) entitles him to invoke the provisions of the Pay Readjustment Act of 1942.
We do not believe that such a result was intended by Congress when they passed the Career Compensation Act. The act gave to those previously retired for physical disability a right to elect to have their pay computed in accordance with one of the two methods provided for in section 411, or continue to receive pay based upon the laws in effect prior to the passage of the Career Compensation Act. This did not mean that an election to receive disability retired pay under the Career Compensation Act should amount to a retirement under that act as those words are used in the Pay Readjustment Act.
The fourth paragraph of section 15 of the Pay Readjustment Act of 1942 limits its benefits to the time of retirement wader a provision of law. Since we hold that an election under section 411 of the Career Compensation Act by an officer previously retired for physical disability is not a retirement under that act, there is no provision of law under which he can have retirement pay based on 75 percent of the rates of the Career Compensation Act of 1949.
In the case now before us, the Secretary of the Army corrected plaintiff’s records to show that he was released from the service by reason of physical disability and certified him for retirement under the Act of April 3, 1939. Even though this action took place after the passage of the Career Compensation Act, plaintiff was nevertheless effectively retired on July 15, 1946, the date he was certified for retirement as shown by the corrected records. For the purposes of the Pay Readjustment Act of 1942 plaintiff was retired *385 under the Act of April 3, 1939. Plaintiff may not now by an election under section 411 of the Career Compensation Act be considered as retired thereunder.
Having failed to qualify at the rate in excess of 60 percent, plaintiff cannot now receive increased retirement pay based on an election under section 411.
Plaintiff’s petition is dismissed.
It is so ordered.
Madden, Judge; Whitaker, Judge; Littleton, Judge; and Jones, Chief Judge, concur.
FINDINGS OE FACT
The court, having considered the evidence, the report of Commissioner Marion T. Bennett, and the briefs and argument of counsel, makes findings of fact as follows:
1. Plaintiff, Jackson Palmer, is a citizen of the United States and a resident of the State of Florida.
2. On July 12,1918, plaintiff was commissioned as an officer in the Field Artillery, National Army, and served on active duty until March 8,1919, when he was honorably discharged by reason of demobilization. He was appointed a first lieutenant, Field Artillery, Officers’ Reserve Corps, on January 28, 1920, and advanced to the rank of colonel on May 27, 1941. Plaintiff served numerous short tours of active duty and served on extended active duty from August 8, 1941 to July 15, 1946. On February 17, 1948, plaintiff was appointed colonel in the Honorary Reserve.
3. On February 28,1949, plaintiff filed an application for retirement, based on a service-connected disability, and requested that a competent board be appointed to pass on the question. On March 15,1949, the Adjutant General authorized the plaintiff to be admitted to the Walter Reed General Hospital “for physical evaluation, including appearance before a disposition board and, if warranted, an Army retiring board.”
4. Plaintiff was originally scheduled to appear before a physical evaluation board in October 1949 but the event was postponed until December 7, 1949, by defendant. On the latter date a hearing was held and findings were submitted *386 to the Secretary of the Army. It was recommended that plaintiff be found physically unfit as the result of “Encephalopathy, secondary to surgical removal of right frontal meningioma at Johns Hopkins Hospital, 27 January 1948, manifested by seizures.” The board further stated:
* * * The disability is not due to the intentional misconduct or willful neglect of the individual. The disability was not incurred during a period of unauthorized absence of the individual. The disability is not 30 per centum or more in accordance with the standard schedule of rating disabilities in current use by the Veterans Administration. The disability is of a permanent nature in accordance with sound medical principles. The disability was not the proximate result of the performance of extended active duty. The approximate date when the individual became physically unfit to perform the duties of his office, rank, or grade was subsequent to 15 July 1946 and prior to 27 January 1948.
As the recommended findings were adverse to plaintiff he sought their review and the Secretary ordered the case returned to the board for reconsideration. However, the board, which reconvened on February 6, 1950, transmitted to the Secretary recommended findings similar to those previously submitted.
5. In the meantime, on January 19,1950, the Veterans Administration rated plaintiff 100 percent disabled from August 11, 1948. The Veterans Administration determined that symptomatic manifestations of brain tumor subsequently diagnosed as a meningioma, evaluable as 10 percent disabling, made their appearance within one year subsequent to plaintiff’s separation from service and thus allowed service connection. The rating sheet stated:
100% from 8-11-48
8003 RESIDUALS OP BRAIN TUMOR, POST-OPERATIVE, MANIFESTED BT EPILEPTIFORM SEIZURES.
50% from 8-11-48
5296 SKULL DEFECT, 8X10 CMS., POST-OPERATIVE.
comb : 100% from 8-11-48
6. That part of the standard schedule used by the Veterans Administration in rating the disability of the plaintiff on January 19,1950, is as follows:
*387 THE SKULL

Rating

5296 Skull, loss of part of, both inner and outer tables
With brain hernia_ 80
Without brain hernia
Area larger than 2 square inches, or than size of a 50-eent piece_ 50
Area intermediate_ 30
Area smaller than 1 square inch, or than the size of a 25-cent piece_ 10
* * * * *
Brain, new growth of
8002 * * *
8003 Benign, minimum_ 60
7. Plaintiff, on January 31,1950, was notified by the Adjutant General that he was “placed on the Army of the United States Retired List in the grade of Colonel on 31 January 1950 with entitlement to retirement pay from 1 February 1950 under the provisions of Sections 301 and 302 of the Act of Congress approved 29 June 1948 (P. L. 810, 80th Congress) , having been found, upon application to be eligible for such benefits by reason of age and satisfactory military service as defined in the above mentioned act.”
8. The findings of the board, which reconvened on February 6, 1950, referred to in finding 4, were reviewed by the Army Physical Disability Appeal Board on March 24, 1950, and this appeal board found as follows:
Colonel Jackson Palmer, 0125846, FA-AUS, was permanently disabled for military service on 15 July 1946, his last day of active duty; that his disability was the proximate result of active duty; and that his disability in accordance with the standard schedule of rating disabilities in current use by the Veterans Administration was 60 percent. Diagnostic code 8003.
9. On March 31, 1950, the findings of the Army Physical Disability Appeal Board were approved by order of the Secretary of the Army, and the plaintiff was thereupon notified that he was eligible for physical disability retirement pay benefits either based upon “(1) per centum (60) of physical disability, or (2) years of active service.”
10. Pursuant to Army special orders dated April 28,1950, plaintiff was determined to be unfit for duty by reason of *388 a physical disability of 60 percent incurred while serving on active duty and was ordered retired with retired pay on March 31,1950, in the grade of colonel under the provisions of Sections 402 and 409 of the Career Compensation Act of 1949.
11. Under date of May 5, 1950, the Adjutant General advised the plaintiff in part as follows:
A. $418.45
B. $174.56
2. Under the provisions of Title IV, Public Law 351, 81st Congress, you are entitled to receive disability retirement pay computed, at your election, on the basis of years of active service (2y2% X years active service X basic pay) or on the basis of the percentage of disability (% disability X basic pay), and such retirement pay shall be computed on the basis of the monthly basic pay of the highest temporary grade satisfactorily held during your entire service as determined by the Secretary of the Army.
8. On the date of your permanent retirement for physical disability as indicated in paragraph 1 above [31 March 1950], you will:
a.be entitled to receive disability retirement pay based on the grade of Colonel, the highest
grade satisfactorily held as determined by the ecretary of the Army.
b.have completed 31 years, 10 months and 7 days of service creditable for basic pay.
c.have completed 10 years, 5 months and 23 days of active service. (Section 412, P. L. 351, computed to last day of current month — fractions of y2 year or more computed as whole year.)
d.have a disability rating of 60 per centum.
You are therefore entitled to receive disability retirement pay at the monthly rate shown after either “A” or “B” above. The amount shown after “A” is the monthly rate computed on the percentage of disability and is wholly exempt from income tax. The amount shown after “B” is the monthly rate computed on the basis of years of active service.
4. You may elect to receive either of the amounts shown after “A” or “B”, above. However, as an election once made is final and conclusive for all purposes and may not be changed thereafter, it is suggested that you *389 give the matter full consideration prior to forwarding your election to this office. Form letter, inclosed for your use in advising this office of your election, will be returned to this office * * * with the least practicable delay.
5. In view of orders being issued placing you on the Army of the United States Retired List as of 31 January 1950, with entitlement to retirement pay from 1 February 1950, under the provisions of Title III, Public Law 810, 80th Congress, it will be necessary for you to elect which retirement benefits are desired, effective 1 April 1950, i. e., retirement benefits under the provisions of Title III, Public Law 810, 80th Congress, or Title IV, Public Law 351,81st Congress.
12. Plaintiff was paid and received retirement pay under the provisions of Title III of the Army and Air Force Vitalization and Retirement Equalization Act of 1948, Public Law 810, 62 Stat. 1081,1087,10 U. S. C. 1036, et seq, for the period from February 1, 1950 through March 31, 1950, and for the period from August 1,1951 through January 31,1954.
13. Plaintiff was paid and has received disability retirement pay computed at the rate of $418.95 per month for the period from April 1, 1950 through July 31, 1951, under the provisions of the Career Compensation Act of 1949, when the disability retirement pay benefits were terminated.
14. On September 4,1951, the Army notified plaintiff that it had received from the General Accounting Office a notice of exception to payment of retirement pay benefits based on a ruling of the Comptroller General, B-100262, April 25, 1951, which precluded physical disability retirement of members of the Reserve components not receiving basic pay at the time of determination of disability.
15. The Army Board for Correction of Military Records, on November 12, 1952, considered plaintiff’s application for correction of his military record. On March 9, 1953, the Secretary of the Army issued the following memorandum:
AG 2 01 — PALMER, JACKSON
0 125 846 MAR 91953
MEMORANDUM FOR THE ADJUTANT GENERAL:
Having received and approved the findings, conclusions and recommendations of the Army Board for Corree *390 tion of Military Records in the case of jackson palmer, 0 125 846, and under the authority vested in me by Section 207 of the Legislative Reorganization Act of 1946, as amended (Public Law 220, 82d Congress), it is directed:
1. That all of the Department of the Army Records of jackson palmer be corrected to show that he was:
a. permanently incapacitated for active service at the time of his relief from active duty, 15 July 1946, due to meningioma; that such incapacity was an incident of service in line of duty; was the result of an incident of service; originating during the period August 1941 to July 1946; that the applicant became incapacitated for active duty on 15 July 1946.
b. relieved from active duty by reason of physical disability on 15 July 1946 and certified eligible for receipt of retirement pay benefits under the provisions of the Act of 3 April 1939.
2. That the Department of the Army pay to jackson palmer, or other proper person or persons, all money found to be due from the Department of the Army as a result of the foregoing correction of military record effective as of 1 April 1950, less any amounts received by him from the Department of the Army or the Veterans Administration in connection with the service connected disability since 1 April 1950.
(Signed) Robeet T. Stevens,

Secretary of the Army.

16. The Army Physical Review Council on May 5, 1953, reviewed plaintiff’s case under the provisions of Section 411, Public Law 351, 81st Congress, for determination as to eligibility and percentage of disability and determined as follows:
At the time this individual was last retired or granted retirement pay his percentage of disability (determined in accordance with the Schedule of Rating for Veterans Administration) was 60%, based on the disabilities listed on attached sheet [1. Meningioma — 60 percentum — VA Code Number 8003], all of which were considered.
This determination was signed by the recorder of the Army Physical Review Council “por the president.”
17. The Adjutant General, by letter dated June 10, 1953, advised the plaintiff in part as follows:
*391 A. $418.95
B. $181.55
C. $412.50
1. Pursuant to the requirements of Executive Order No. 10124,25 April 1950, The Secretary of the Army has directed that you be advised that your records have been reviewed to determine your eligibility for increased retirement pay under Public Law 351, 81st Congress.
2. As a result of this review, it has been determined that you were 60% disabled as of the time of separation from active service, and that you have 10 years active service credit under Public Law 351. You are entitled to receive disability retirement pay at the new monthly rate shown after either “A” or “B” above. The amount shown after “A” is the monthly rate computed on the percentage of your disability and is exempt from Federal income tax. The amount shown after “B” is the monthly rate computed on years of active service. Your present rate of disability retirement pay under the old pay schedule is set forth after “C” and is exempt from Federal income tax.
3. You may elect to receive one of the amounts shown in “A” or “B” above or to continue to receive your present pay as shown in “C.” A form letter is inclosed for your use in advising this office of your election. You will continue to receive disability retirement pay in the amount shown in “C” above unless you elect (prior to 1 October 1954) to receive pay as shown in “A” or “B.” Any increase in retirement pay benefits elected will be effective 1 April 1950.
18. Plaintiff, by letter dated July 6, 1953, replied to the Adjutant General, referred to the pendency of this action and the pleadings filed therein, and in conclusion stated:
The foregoing action [Court of Claims proceeding] presents a justiciable controversy which I believe can be finally disposed of before I am confronted with the necessity of making any election, if such be required, under said Section 411 of the Career Compensation Act of 1949.
Pending final judgment in said action I renew my request that retirement pay benefits under and pursuant to Title III, Public Law 810, 80th Congress, continue to be paid to me.
*392 19» The Adjutant General, by letter dated August 10,1953, in reply to plaintiff’s letter of July 6, 1953, advised the plaintiff in part as follows:
2. Inasmuch as your records were corrected to show that you were relieved from active duty by reason of physical disability on 15 July 1946, accrual of longevity for retirement pay purposes beyond that date ceases. See decision of the Comptroller General of the United States, dated 10 September 1951 (31 Comp. Gen. 78, B-92547). Accordingly, you are entitled to receive retirement pay in the amount of $412.50, computed under laws in effect prior to the enactment of the Career Compensation Act of 1949. This amount is considered to be the rate of retirement pay you are now receiving and is shown after Option “C” in letter from this office, dated 10 June 1953. In this connection, the amount you are entitled to receive, computed under Title III, Public Law 810, 80th Congress, is not the amount meant to be as the rate of retirement pay you are now receiving, as indicated in the above cited letter. If you desire to receive the greater amount, adjustment of your retirement pay will be made so that it will reflect your election of pay in this respect.
3. In connection with your election of disability retirement pay computed under the provisions of the Career Compensation Act of 1949, attention is invited to the effective date of pay benefits if election is made prior to 1 October 1954, contained in paragraph 3 of letter from this office mentioned above.
20. The Army Finance Center, under date of February 11, 1954, sent plaintiff a claims certificate to sign and return in order to establish his claim for the amount shown payable under the provisions of the act of April 3,1939, pursuant to the action of the Army Board for Correction of Military Becords. This settlement was rejected by the plaintiff for the reason it computed plaintiff’s retirement payments effective from April 1,1950, and not from July 16, 1946. Plaintiff further advised the Army that he was requesting the General Accounting Office to rule on his physical disability retirement pay benefits.
21. By letter dated February 23, 1954, plaintiff’s attorney advised the Assistant Comptroller General in part as follows :
*393 Although. Colonel Palmer sought retirement and retirement pay, physical disability benefits under the Act of April 3, 1939, as amended, 63 Stat. 202, 10 U. S. C. 456, 456-1, the Department of the Army delayed action thereon and elected to retire him under the provisions of the Career Compensation Act of 1949. For that reason we insist that his claim as laid in his aforesaid pending action in the Court of Claims is well founded. Whether the physical disability retirement pay of claimant be based on the pay rate in effect on the day immediately preceding the date of the enactment of said Public Law 351 or on the pay rate therein provided presents no great financial problem. We shall try and content ourselves with your best judgment on the matter. This assuming that it be on a basis of 75 per centum of prevailing applicable basic pay effective from July 16, 1946.
22. On June 9, 1954, the General Acounting Office issued D. O. Voucher No. 92523, GAO Claim Div. No. Z 1115221, to the Department of the Army in favor of the plaintiff in the amount of $25,132.87 for “Retroactive retired pay due from July 16,1946 to January 31, 1954, as colonel, Army of the United States, retired.” The reverse side of the voucher stated thereon as follows:
From the total amount due ($37,677.75) the sum of $12,544.88, representing retirement pay benefits paid during the period February 1,1950, to January 31,1954, has been withheld.
In the absence of an election pursuant to the provisions of the Career Compensation Act of 1949, 63 Stat. 802, the amount allowed herein for the period subsequent to September 30,1949, is based on 75 percent of the rates prescribed by laws in effect prior to October 1, 1949, increased by four percent on and from May 1,1952.
On June 18,1954, the General Accounting Office advised the Settlements Division of the Army Finance Center of these facts.
23. On June 22, 1954, a Treasurer of the United States check in the amount of $25,132.87 was issued to the plaintiff, pursuant to Voucher No. 92523, and plaintiff duly endorsed and cashed the same.
24. By letter of June 30, 1954, the plaintiff advised the Adjutant General, in part, as follows:
*394 1. Pursuant to agreement reached between the Attorney for subscriber, the Office of the Attorney General of the United States, together with Counsel for the General Accounting Office, the subscriber has elected to settle his claim for retroactive retired pay for the period “subsequent to Sept. 30, 1949, based on 75 per cent of the rates prescribed by laws in effect prior to October 1,1949, increased by four per cent on and from May 1,1952.”
*****
4. Election is made under the provisions of the_ so-called “Career Compensation Act” entitling subscriber hereafter to the sum of $523.69 per month, plus four per cent.
25. On July 9,1954, the Adjutant General replied to plaintiff’s letter of June 30, 1954, and stated as follows:
2. You are advised that your election for retired pay in the amount of $523.69, plus four percent, is not acceptable inasmuch as the amount elected is based on 75 percent rather than 60 percent liability, the amount of disability determined by the Army Physical Review Council on 5 May 1953. Your attention is invited to option “A,” letter this office dated 10 June 1953.
3. No action will be taken by this office until a proper election is received, and if such election is not received by 1 October-1954, you will receive $412.50, plus four percent increase ($429.00), the amount based on 75 percent of the pay of a colonel with over 30 years service, which was in effect prior to 1 October 1949 (option “C,” letter this office dated 10 June 1953).
26. On July 10, 1954, plaintiff advised the Adjutant General in pertinent part as follows:
* * * the undersigned hereby elects to receive physical disability retirement pay benefits under the provisions of the Career Compensation Act of 1949, supra, as hereafter set out:
For the period from October 1, 1949 to and including April 30, 1952, at the monthly rate of $523.69, based on a 75 percentum disability rating; and thereafter,
For the period from May 1,1952, the effective date of a four percent increase, at the monthly rate of $544.64, and continuing monthly until otherwise changed by law.
*395 27. Plaintiff, under date of September 2,1954, advised the Adjutant General that the “Subscriber elects to receive pay and retirement benefits computed under the laws in effect on the date preceding the date of enactment of the aforesaid Career Compensation Act as amended.”
28. For the period of 31 months from October 1, 1949 to and including April 30, 1952, plaintiff has been paid disability retirement pay in the sum of $12,787.50 at the rate of $412.50 per month. This represents 75 percent of $550, the monthly active-duty pay of a colonel with over 30 years’ creditable service, active and inactive. Plaintiff claims for this period the sum of $16,234.39 computed at the rate of $523.69 per month, subject to a credit for the sum paid, leaving a net amount claimed of $3,446.89 for this period.
For the period of 32 months from May 1, 1952 to and including December 31, 1954, plaintiff has been paid the sum of $13,728 for disability retirement at the rate of $429 per month. Plaintiff claims for this period the sum of $17,428.48 computed at the rate of $544.64, subject to a credit for the sum paid, leaving a net amount claimed of $3,700.48 for this period, or a total claim of $7,147.37 representing both periods.
CONCLUSION OP LAW
Upon the foregoing findings of fact, which are made a part of the judgment herein, the court concludes as a matter of law that plaintiff is not entitled to recover and his petition is, therefore, dismissed.

 The Act of April 3, 1939, 63 Stat. 655, provided that nonregular officers who Buffered disabilities in the line of duty should receive the same retirement benefits due to officers of the Regular Army. On July 15, 1946, officers of the Regular Army who were retired for physical disability were entitled to 75 percent of the pay of the grade held by them at the time of retirement.

 Executive Order No. 10124 required that the Secretaries of the services concerned inform each member and former member of his service who had a right of electing to receive disability benefits under the Career Compensation Act of “the status and benefits to which such person is or may be entitled under the alternative clauses (A) and (B) of section 411 of the Career Compensation Act of 1949.”

After the discontinuance of plaintiff's disability retired pay on July 31, 1951, he started to again draw retired pay under P. L. 810.

There was also apparently deducted from the back retired pay any payments made under P. L. 810 or by the Veterans’ Administration.