DuReee, Judge,
delivered the opinion of the court:
Plaintiff seeks to recover for each month since October 1, 1949, the difference between 75 percent of his monthly active duty pay at the time of his retirement in 1945 as a commander in the Navy, and increased disability retirement pay pursuant to one of the following computations alleged by plaintiff to be authorized under the Career Compensation Act of 1949, 63 Stat. 802, et seg.:
(1) 75 percent of the higher 1949 pay rates for a captain, or
(2) 75 percent of the higher 1949 pay rates for a commander, or
(3) 60 percent of the higher 1949 pay rates for a captain.
Plaintiff served in the United States Navy from 1917 to 1945. On December 11, 1944, plaintiff underwent a routine physical examination. As a result of that examination he was hospitalized for treatment of an ocular deficiency which stemmed from an injury originally sustained in line of duty earlier in plaintiff’s military career. While in the hospital plaintiff was selected for future promotion to the rank of *347 captain by a board exercising authority under the Act of July 24,1941, 55 Stat. 603, and his selection was approved by the President on April 19, 1945. On May 3, 1945, a Board of Medical Survey found that plaintiff was unfit for full duty due to “insufficiency, ocular muscle,” and recommended that he be ordered to appear before a retiring board. This medical finding was in no way connected with plaintiff’s selection for promotion.
In a letter dated May 19, 1945, from the Chief of Naval Personnel, plaintiff was informed of his selection for promotion, and was advised that he would be assigned an appropriate billet in that rank at the earliest time consonant with the needs of the service.
A Naval Retiring Board, convened on June 20,1945, found plaintiff physically incapable of performing the duties of his rant. This finding was approved by the President, and on October 1,1945, plaintiff was placed on the retired list in the grade of commander. His retirement pay, computed pursuant to the Pay Readjustment Act of 1942, 56 Stat. 367, was 75 percent of his salary as a commander at the time of his retirement.
On November 19,1949, plaintiff requested a decision of the Judge Advocate General as to his eligibility to receive disability retirement pay based on the rank of captain, presumably pursuant to certain provisions of the Career Compensation Act of 1949, supra. The decision rendered was in the negative. On September 29, 1954, plaintiff elected, under section 411 of the Career Compensation Act of 1949, supra, to receive retirement pay based on laws in effect prior to that Act.
In June 1959, plaintiff applied to the Board of Correction of Naval Records for the correction of his record to show that he had elected to receive disability retired pay based on 60 percent of the pay of a captain under the higher rates prescribed by the Act of 1949. The request was denied on the grounds that his hospitalization at the time of selection precluded the promotion under the applicable statute and regulations issued thereunder, and that because he was retired prior to the enactment of the Act of 1949, he was not eligible for the benefits provided by the section thereof alleged to *348 permit computation of disability retirement pay based on the higher rank. Plaintiff contends that this ruling was arbitrary.
Plaintiff now claims that he was entitled under section 411 of the Career Compensation Act of 1949, supra, to elect to receive disability retirement pay at the rate of 75 percent of the basic pay of a captain, or, in the alternative, of a commander with over 22 years of service, under the higher pay rates prescribed in section 201 of that act. In effect, he asserts that he was entitled to apply the uniform 75 percent multiplier provided by the Pay Readjustment Act of 1942, supra, to the higher pay rates prescribed in the Act of 1949 (section 201a) for his grade and length of service, without regard to the percentage multipliers established under the 1949 Act.
This court ruled upon a similar assertion in Palmer v. United States, 139 Ct. Cl. 376, where we stated at page 384:
We do not believe that such a result was intended by Congress when they passed the Career Compensation Act. The act gave to those previously retired for physical disability a right to elect to have their pay computed in accordance with one of the two methods provided for in section 411, or continue to receive pay based upon the laws in effect prior to the passage of the Career Compensation Act. This did not mean that an election to receive disability retired pay under the Career Compensation Act should amount to a retirement under that act as those words are used in the Pay Readjustment Act.
The fourth paragraph of section 15 of the Pay Readjustment Act of 1942 limits its benefits to the time of retirement under a provision of law. Since we hold that an election under section 411 of the Career Compensation Act by an officer previously retired for physical disability is not a retirement under that act, there is no provision of law under which he can have retirement pay based on 75 percent of the rates of the Career Compensation Act of 1949.
Plaintiff offers no argument sufficiently persuasive to reverse this position. It is apparent that plaintiff cannot select the 75 percent multiplier of the 1942 Act and apply it to the higher pay rates prescribed in the 1949 Act for the computation of his retirement pay, when no such provision is made in any statute. Having failed to qualify at a rate in excess of 60 percent as provided in the Act of 1949, plaintiff cannot now *349 claim increased retirement pay at 75 percent of the rates provided in that Act.
Plaintiff, relying on sections 411 and 402(d) of the Career Compensation Act, asserts further that he is entitled to elect to receive disability retirement pay based on the rank of captain. Plaintiff reasons that since section 411 of the Career Compensation Act permits him to elect to receive disability retirement pay pursuant to Title IV of the Act, section 402 (d) of that title, specifically the fifth proviso of section 402 (d),[1] must be construed to authorize the computation of his disability retirement pay based on the rank of captain if he so elects. Plaintiff complains that the refusal of the Board of Correction of Naval Records to correct his record to show an election to receive disability retirement pay based on the rank of captain was therefore arbitrary.
Assuming for the moment that plaintiff is correct in reasoning that section 411 permits him to elect to receive disability retirement pay as prescribed in section 402(d), and that the fifth proviso of section 402(d) would permit him to receive such pay at the rank of captain, it seems clear that the election offered in section 411[2] applies only to those who would meet the requirements of the section of the Act conferring the particular benefits elected. Therefore, the issue arises as *350 to whether plaintiff can qualify under the requirements of the fifth proviso of section 402(d) to receive disability retirement pay at the higher rank of captain.
In this connection the issue is whether the disability entitling plaintiff to disability retirement was found to exist “as a result of a physcal examination given in connection with effecting a permanent promotion or a temporary promotion,” as required by the fifth proviso, which is set forth in the margin. Plaintiff contends there were physical examinations given in connection with promotion and retirement so close together as to be part and parcel of the same transaction, so that it may be properly said that the physical disability for which plaintiff was retired was found to exist as a result of a physical examination given in connection with effecting a promotion, and that his case is thus on all fours with Fredrickson v. United States, 133 Ct. Cl. 890; Leonard v. United States, 131 Ct. Cl. 91; Williams v. United States, 145 Ct. Cl. 513, 172 F. Supp. 439, and Clark v. United States, 151 Ct. Cl. 601.
In the cases, Fredrickson v. United States, supra; Leonard v. United States, supra; and Clark v. United States, supra, the precise problem now before us was not presented. In those cases there were actual physical examinations designated as physical examinations in connection with promotions, and the physical disability entitling the person to disability retirement pay was “found to exist as a result” thereof, so as to be squarely within the requirement of the fifth proviso of section 402(d).
In the Williams case, supra, the officer was not examined specifically in connection with his pending promotion, but rather was actually examined only in connection with retirement for disability. At the time the selection board convened to consider the promotion of Williams, it knew that he had been given a physical examination and had been hospitalized with an indefinite diagnosis. The Navy requested a report from the hospital “for use of the selection board now in session.” The report given by the hospital in response to this inquiry stated that Williams’ prognosis was excellent and that the probable duration of hospitalization would be two *351 months. This report was in error. The diagnosis was altered shortly thereafter to designate a condition for which Williams was ultimately found unfit physically to perform the duties of his rank. A few days later, his name was placed on the promotion list. Eight days later, the Secretary of the Navy approved findings of the Physical Evaluation Board to the effect that Williams was physically unfit to perform the duties of his rank, and his name was placed on the retired list in his existing rank, without promotion. This court held that the inquiry made by the promotion board as to Williams’ condition established sufficient connection between the physical examination and the promotion to qualify Williams for the benefits of the fifth proviso of section 402(d).
While, as noted earlier, the facts in the Williams case, supra, are somewhat similar to those in the case at bar, there is an important distinction. Plaintiff herein has alleged nothing that would establish or even tend to indicate that he ever had a physical examination given “in connection with effecting a permanent promotion or a temporary promotion.” Furthermore, plaintiff has not alleged any facts which would establish that the naval authorities who were considering the recommended promotion of plaintiff to captain ever made any inquiry into plaintiff’s physical condition. In brief, plaintiff adverts to only two physical examinations in his petition, and nowhere in his papers offers facts indicating any connection whatever between the examinations and his selection for promotion. In effect plaintiff asks this court to hold that solely by virtue of the fact that plaintiff was retired for physical disability at a time when he was being considered for promotion, he has met the requirements of the fifth proviso of section 402(d), and should thus receive disability retirement pay based on the higher rank: to which he would have been promoted had he remained in the service. This we cannot do. Had Congress intended the proviso to operate in that manner we believe it would have stated so, rather than imposing the specific requirement explicit in the language of the statute. Since it did not, we must conclude that plaintiff has not satisfied the requirements of the fifth proviso of section 402(d) of the Career Compensation Act of 1949, and is *352 thus not entitled to receive disability retirement pay based on the rank of captain. Plaintiff has actually sought to have this court extend the tenor of the cases distinguished above one step further, so as to eliminate the requirement of a degree of connection between physical examination and promotion from the fifth proviso of section 402 (d). Since we have declined to do this, the establishment of facts indicating at least a degree of connection between physical examination and proposed promotion remains requisite to a cause of action under the statutory provision. Naturally, the burden of setting forth facts sufficient to constitute the cause of action rests with the plaintiff. Inasmuch as the papers upon which plaintiff rests its motion for summary judgment do not discharge this burden, plaintiff must fail.
Defendant contends further that even were plaintiff’s disability discovered as a result of a physical examination given in connection with effecting a promotion, so that he might be deemed to have satisfied the requirements of the fifth proviso of section 402(d), plaintiff would nonetheless fail in the present action. Defendant argues: (a) the fifth proviso of section 402(d) applies only to servicemen retired under the Career Compensation Act, and since plaintiff was retired under prior legislation he thus could not qualify for the benefits of that proviso under any circumstances; and, (b) even were the fifth proviso of section 402(d) applicable to servicemen not retired under the Career Compensation Act, plaintiff could not qualify for its benefits because he was retired with a disability rating of less than 30 percent. Inasmuch as we have already decided that plaintiff did not qualify under the fifth proviso of section 402(d), we need not reach these alternative arguments.
For the reasons stated above, defendant’s motion for summary judgment is granted, and plaintiff’s motion for summary judgment is denied. Plaintiff’s petition will be dismissed.
It is so ordered.
MaddeN, Judge {Bet.); LaRAmoee, Judge; Whitaker, Judge, and JoNes, Chief Judge, concur.

 The fifth proviso of section 402(d) of the Career Compensation Act of 1949, supra, provides:
"Provided further, That if the physical disability entitling such member to disability retirement pay is found to exist as a result of a physical examination given in connection with effecting a permanent promotion or a temporary promotion where eligibility for such temporary promotion was required to have been based upon cumulative years of service or years of service in rank, grade, or rating, the disability retirement pay of such member shall be based upon the basic pay of the rank, grade, or rating to which such member would have been promoted but for such disability, if such rank, grade, or rating is higher than any other rank, grade, or rating upon which such pay is herein authorized to be computed and which such member would have been entitled to receive if serving on active duty in such rank, grade, or rating: * * *”

 Section 411 of the Career Compensation Act of 1949 provides in pertinent part :
“Sec. 411. Pursuant to such regulations as the President may prescribe, (1) any member or former member of the uniformed services heretofore retired by reason of physical disability and now receiving or entitled to receive retired or retirement pay ; (2) any former member of the uniformed services heretofore granted or entitled to receive retirement pay for physical disability; * * * may elect within the five-year period following the effective date of this title, (A)| to qualify for disability retirement pay under the provisions of this Act and, dependent on his qualification, shall be entitled to receive either the disability retirement pay or the disability severance pay prescribed in this title: « * *”