DtjRfee, Senior Judge,
delivered the opinion of the court: Plaintiff sues to recover the difference between the disability retirement pay of a major in the United States Air Force, which he has actually received since the date of his retirement, and that of a lieutenant colonel, to which he claims entitlement. Both parties have filed motions for summary judgment pursuant to rulelOl.[1]
On May 5, 1970, plaintiff was retired for physical disability in the grade of major with more than 21 years of service. As of that date he was transferred to the Ketired Reserve in the grade of lieutenant colonel.
In January 1970, plaintiff requested separation in lieu of retirement. As a Reserve Officer he had been given a date of separation of March 31, 1970.
Plaintiff was notified on March 16, 1970, of his selection for promotion to the grade of lieutenant colonel in the Air *462 Force Eeserve. The effective date of his promotion, originally January 7,1971, was changed to October 2,1970, by order of the Secretary of the Air Force as a result of a recommendation by the Air Force Board for the Correction of Military Eecords.
On March 17,1970, one day after his notification of selection for promotion, plaintiff received a physical examination in connection with his application for separation. As a result of that examination his records were referred to a Medical Board which found plaintiff was suffering from- organic heart disease, hiatal hernia and diabetes mellitus. The Medical Board recommended that plaintiff meet with a Physical Evaluation Board.
On April 9, 1970, the Physical Evaluation Board found plaintiff unfit for further military duty by reason of the three disabilities found by the Medical Board, and found further that plaintiff’s disability was incurred while entitled to receive basic pay. The Physical Evaluation Board recommended permanent retirement with a disability rating of 80 percent.
Plaintiff concurred in the recommended findings of the Physical Evaluation Board, and was retired effective May 5, 1970. His retirement order indicates that plaintiff was retired for physical disability in accordance with the prolusions of 10 U.S.C. § 1201 (Supp. IV, 1968)[2] in the grade of major, *463 the highest rank held by him on active duty, with assignment to the Retired Reserve in the grade of lieutenant coloneL
Plaintiff’s June 1,1971 application to the Air Force Board for the Correction of Military Records claiming entitlement to the retired pay of a lieutenant colonel was denied on July 19, 1971. Thereafter, plaintiff petitioned this court for relief.
The question presented is whether the physical disability for which plaintiff was retired was found to exist as a result of his physical examination for promotion, so as to entitle him to the retired pay of a lieutenant colonel, rather than to that of a major, pursuant to 10 U.S.C. § 1372(3) (Supp. IV, 1957). Section 1372 of Title 10 provides, in pertinent part, as follows:
Unless entitled to a higher retired grade under some other provision of law, any member of an armed force who is retired for physical disability under section 1201 or 1204 of this title, or whose name is placed on the temporary disability retired list under section 1202 or 1205 of this title, is entitled to the grade equivalent to the highest of the following:
(1) The grade or rank in which he is serving on the date when his name is placed on the temporary disability retired list or, if his name was not carried on that list, on the date when he is retired. *****
(3) The permanent regular or reserve grade to which he would have been promoted had it not been for the physical disability for which he is retired and which was found to exist as a result of his physical examination for promotion.
íjí # # ❖ ❖
The Government contends that plaintiff’s case falls squarely within subsection (1) of section 1372 in that he was retired pursuant to 10 U.S.O. § 1201 and was serving as a major on the date when he retired. The Government argues *464 that plaintiff is not entitled to receive the retirement pay of a lieutenant colonel because the physical disability for which he was retired was not found to exist as a result of a physical examination for promotion.
Plaintiff maintains that the March 17, 1970 physical examination, initiated by him in conjunction with his voluntary application for separation, and conducted one day after notification of his selection for promotion, constituted a physical examination “for promotion,” within the purview of subsection (3) of 10 U.S.C. § 1372 and this court’s holdings in Leonard v. United States, 131 Ct. Cl. 91, 128 F. Supp. 957 (1955); Fredrickson v. United States, 133 Ct. Cl. 890, 138 F. Supp. 265 (1956); and Williams v. United States, 145 Ct. Cl. 513, 172 F. Supp. 439 (1959).
The issue in this case was decided more than a decade ago in Brandt v. United States, 155 Ct. Cl. 345 (1961), where we held that because the disability of plaintiff therein was not actually found to exist as a result of a physical examination given in connection with effecting a promotion, he did not qualify under the statutory provision to have his retirement pay computed on the basis of the rank to which he would have teen promoted.[3]
The facts in the Brandt case are strikingly similar to those in the case at bar. Plaintiff in Brandt, a commander in the Navy, underwent a routine physical examination on December 11, 1944, as a result of which he was hospitalized. While in the hospital Brandt was selected for promotion in the rank of captain, and his selection received Presidential approval on April 19, 1945. On May 3, 1945 a Board of Medical Survey determined that Brandt was unfit for continued duty and recommended that he appear before the retiring board. There had been no connection between this medical finding and Brandt’s selection for promotion. On May 19, 1945, Brandt was notified of his selection for promotion and was informed that he would be assigned an ap *465 propriate billet in that rank at the earliest time consonant with the needs of the service. However, the Naval Retiring Board determined that he was physically incapable of performing the duties of his rank; he was placed on the retired list in the grade of commander.
We held in Brandt that some degree of connection between the physical examination given and the proposed promotion must be established, and that the mere fact that plaintiff was retired for physical disability at a time when he was also being considered for promotion was insufficient to qualify under the statute for retirement pay on the basis of the grade to which he would have been promoted. The Brmvlt precedent controls the disposition of this case.
The statutory prescription for entitlement under 10 U.S.C. § 1372(3), whereby the physical disability for which an officer is retired must be found to exist as a result of his physical examination “for promotion,” seems to us clear and unambiguous. Plaintiff would have us hold that his case falls within the purview of that section of the statute merely because his selection for promotion was somewhat contemporaneous with a physical examination which was in no other way connected with his promotion. We responded to a similar assertion by plaintiff in Brandt v. United States, supra, 155 Ct. Cl. at 351:
* * * In effect plaintiff asks this court to hold that solely by virtue of the fact that plaintiff was retired for physical disability at a time when he was being considered for promotion, he has met the requirements of the fifth proviso of section 402(d) [the statutory predecessor to 10 UjS.C. 1372(3)], and should thus receive disability retirement pay based on the higher rank to which he would have been promoted had he remained in the service. This we cannot do. Had Congress intended the proviso to operate in that manner we believe it would have stated so, rather than imposing the specific requirement explicit in the language of the statute. * * *
Congress has clearly set out as a condition for the applicability of 10 U.S.C. § 1372(3) that the physical disability for which an officer is retired must be “found to exist as a result of” his physical examination “for promotion.” It is not within the province of this or any court to emasculate a *466 statutory provision so as to reward those clearly not intended to benefit under the statute’s plain language.
Plaintiff attempts to distinguish the Brandt case by arguing that plaintiff therein was retired for physical disability at a time when he was being considered for promotion. We read the sequence of events in the Brandt case and in this case as essentially the same: in (both cases plaintiffs were found unfit for future military duty subsequent to their having been selected for promotion; in both cases plaintiffs were retired for physical disability prior to actual promotion. The fact that the date upon which plaintiff in the instant case was to have received his actual promotion had been established, whereas plaintiff in Brandt was to receive his actual promotion “at the earliest time consonant with the needs of the service,” Brandt v. United States, supra, 155 Ct. Cl. at 347, serves as no basis to accord plaintiff the relief that was denied Brandt. The thrust of our holding in Brandt was that facts showing a nexus between physical examination and promotion must be established in order to sustain a cause of action under the statutory provision. Since plaintiff here fails to establish that requisite connection, his case falls squarely within the Brandt holding.
Plaintiff relies upon Leonard v. United States, supra, and Fredrickson v. United States, supra, in support of his claim. These cases concerned themselves with the situation in which the government knew of plaintiffs’ physical disability prior to the physical examination given in connection with promotion. This court held in Leonard and Fredrichson that the dates of the physical examination for promotion and retirement were so close together as to be part and parcel of the same transaction so that it might properly be said that plaintiffs’ disabilities were found to exist as a result of physical examinations given in connection with effecting their promotions. The factor that distinguishes Leonard and Fredrichson from this case, which is the same factor upon which this court distinguished those cases in Brandt, is that plaintiffs in those cases actually had physical examinations for promotion. Plaintiff in the instant case had a physical examination in conjunction with his voluntary separation, but he had no *467 physical examination which was in any way related to his promotion.
Nor can plaintiff successfully rely upon Williams v. United States, supra, to support his claim. In that case the court found that the events were part and parcel of one continuous transaction, and it concluded that plaintiff’s physical examination must be considered to have been a physical examination given in connection with promotion. The court reached its conclusion based upon the fact that, although the officer in Williams received no physical examination for promotion designated as such, the selection board requested and received a report as to Williams’ physical condition, which constituted the requisite nexus between the physical examination and the promotion to qualify for the benefits of the statutory provision. Unlike Williams, there are no facts in this case to establish that the selection board made any inquiry as to plaintiff’s physical condition. It is relevant, indeed, that the physical examination plaintiff received in conjunction with his voluntary separation was given on March 17, 1970, the day after plaintiff had been notified of his selection for promotion, precluding any consideration of the results of that examination by the selection board.
All that remains to be considered is plaintiff’s contention that he is entitled to retirement pay in the grade of lieutenant colonel because he was actually promoted to that rank while still on active duty. Plaintiff submits that Special Order No. AC 11869, dated April 17, 1970, provides that he was to be retired in the grade of major on May 5, 1970, and that his reserve grade was that of lieutenant colonel. Pie argues that this evidences that he had been promoted to the reserve grade of lieutenant colonel by or on April 17, 1970, and that he is therefore entitled to the pay of a lieutenant colonel by virtue of having served in that grade for a period of 19 days, from the date of the Special Order until the date of his retirement.
Plaintiff’s position cannot be sustained. Special Order No. AC 11869 is designated a “Retirement Order;” it is not a promotion order and in no way evidences that plaintiff was promoted to the grade of lieutenant colonel while still on active duty. Plaintiff’s transfer to the retired Reserve in the *468 grade of lieutenant colonel was pursuant to 10 U.S.C. § 1374(a) (1964), which provides in pertinent part:
* * * [A] reserve commissioned officer who is recommended for promotion to a higher reserve grade * * * and who, before being promoted, is transferred to the Eetired Beserve * * * because of physical disability
* * * transfers in the grade for which he has been recommended * * *.
Entitlement to pay in the grade to which an officer has been transferred pursuant to section 1374(a) is precluded by section 1374(d), which states:
(d) Unless otherwise provided by law, no person is entitled to increased pay or other benefits because of this section.
For the several reasons given above, plaintiff is not entitled to the disability retirement pay of a lieutenant colonel. Accordingly, defendant’s cross motion for summary judgment is granted, and plaintiff’s motion for summary judgment is denied. The petition is therefore dismissed.

 The parties entered into a stipulation as to the facts in the case, which was submitted to the trial judge on March 23, 1973. The Government moves to strike the statement of facts contained in plaintiff’s memorandum- in support of his motion for summary judgment, and to substitute therefor the parties’ stipulation of facts. In view of the fact that the result herein is the same whether we consider the parties’ stipulation of facts or plaintiff’s slightly embellished version, we find it unnecessary to make a dispositive ruling on the Government’s motion.

 10 U.S.C. § 1201 (Supp. IV, 1963) provides:
“§ 1201. Regulars and members on active duty for more than 30 days : retirement.
“üpon a determination by the Secretary concerned that a member of a regular component of the armed forces entitled to basic pay, or any other member of the armed forces entitled to basic pay who has been called or ordered to active duty (other than for training under section 270(b) of this title) for a period of more than 30 days, is unfit to perform the duties of his office, grade, rank, or rating because of physical disability incurred while entitled to basic pay, the Secretary may retire the member, with retired pay computed under section .1401 of this title, if the Secretary also determines that—
“(l')l based upon accepted medical principles, the disability is of a permanent nature;
“(2) the disability is not the result of the member’s intentional misconduct or willful neglect, and was not incurred during a period of unauthorized absence; and
“(3) either—
“(A) the member has at least 20 years of service computed under section 1208 of this title; or
“(B) the disability is at least 30 percent under the standard schedule of *463 rating disabilities in use by tbe Veterans’ Administration at the time of the determination; and either—
“(i) the member has at least eight years of service computed under section 1208 of this title;
“(ii) the disability is the proximate result of performing active duty; or “(ill) the disability was incurred in line of duty in time of war or national emergency.”

 The Brandt case involved the fifth proviso of section 402(d) of the Career Compensation Act of 1949, 63 Stat. 802, et. seq., the statutory predecessor to 10 U.S.C. § 1372(3), -which provided in pertinent part:
“Provided further, that if the physical disability entitling such member to disability retirement pay is found to exist as a result of a physical examination given in connection with effecting a permanent promotion or a temporary promotion * * [Emphasis supplied.]