Milton J. **BIENVENU**, Jr.

v.

**UNITED STATES.**

No. 346–58.

United States Court of Claims.
July 15, 1960.

Whitaker, J., dissented.

James M. McCullough, Washington, D. C., for plaintiff. Leo J. McCullough, Washington, D. C., was on the briefs.

Arthur E. Fay, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

MADDEN, Judge.

The plaintiff, an officer retired from the Navy for physical disability incurred in Naval service, is receiving the retired pay of an ensign. He claims to have been, from the date of his retirement, entitled to the retired pay of a lieutenant (junior grade) and sues for the difference between the two rates of retired pay.

The plaintiff, on January 16, 1942, enlisted in the United States Naval Reserve. On May 7, 1943, he was commissioned as an ensign in the Naval Reserve. On February 25, 1944, he was called to active duty. At some time thereafter, not specified in the record, he was wounded in action. He was admitted to a Naval hospital on April 22, 1945, and was in the status of a patient in a hospital, or of a hospital patient on sick leave, until December 17, 1945, on which date he was assigned to the Naval Personnel Separation Center, Washington, D. C. Also on that date he was given a physical examination to determine his fitness to perform the duties of a lieutenant (junior grade) for temporary service. He was found "to be not physically qualified pursuant to the conditions stated in the appointment authorization." On January 1, 1946, he was released to inactive duty

"not by reason of physical disability," and, of course, received no retired pay.

In 1950 the plaintiff requested the Navy to review his records in order to determine whether he should not have been retired for physical disability incurred in the service. In 1952 the Navy determined that he should have been so retired, and he was placed on the retired list, with retired pay, on August 1, 1952. Through a proceeding initiated in 1954 before the Board for Correction of Naval Records, the plaintiff's name was placed on the retired list as of January 2, 1946, and he was paid the back retired pay from that date until the 1952 date referred to above.

In 1957 the plaintiff again applied to the Board for Correction of Naval Records, requesting the correction of his records so that they would state that he had been retired on January 2, 1946, in the rank of lieutenant (junior grade). The Correction Board denied the requested relief, and the plaintiff brought this suit in 1958.

The basis of the plaintiff's claim before the Correction Board in 1957, and of the instant suit, is that, pursuant to a statute, and the circumstances of the plaintiff's service in the Navy, he was entitled, as a matter of law, to promotion from ensign to lieutenant (junior grade).

The Act of March 4, 1911, as amended, 34 U.S.C. (1952 ed.) § 390 provides:

> "If any officer of the United States Navy, below the rank of lieutenant (junior grade), shall fail in his physical examination for promotion and be found incapacitated for service by reason of physical disability contracted in the line of duty, he shall be retired with the rank to which his seniority entitled him to be promoted."

The plaintiff claims that his seniority entitled him to be promoted to the rank of lieutenant (junior grade).

Section 7 of the Act of March 3, 1899, 34 U.S.C. (1952 ed.) § 314 [1] says:

> "Officers, after performing three years' service in the grade of ensign, shall * * * be eligible to promotion to the grade of lieutenant (junior grade)."

The plaintiff was in the grade of ensign for less than two years.

The Act of July 24, 1941, 55 Stat. 603, authorized the President to make temporary appointments and promotions in time of war or national emergency. Section 2 of the Act [2] said that the word "appointments" as used in the Act should include promotions. Section 5 of the Act [3] provided:

> "The temporary appointments under the authority of this Act shall be in such numbers as the President may determine that the needs of the service require and in such manner and under such regulations as he may prescribe."

Under the authority of the 1941 Act the President, on July 1, 1945, sent a message to all persons in the Navy (ALNAV), appointing to the next higher grade, *inter alia*, ensigns whose dates of commencement of continuous active duty were within the period February 2 to February 29, 1944. The plaintiff had entered on active duty on February 25, 1944. However, the ALNAV said that the blanket promotion was

> "subject to the provisions of BUPERS CIRCLTR 222–43 and to the service and other conditions and exceptions stated herein."

The cryptically designated document was a circular letter from the Bureau of Personnel of the Navy to all ships and stations, which had been issued in October 1943. It said that when temporary appointments or promotions were announced in circular letters and ALNAV's:

> "Upon receipt of announcement, care shall be exercised to determine

1. Now 10 U.S.C.A. § 5788.

2. Now 10 U.S.C.A. §§ 5597, 5787.

3. Now 10 U.S.C.A. §§ 5597, 5787, 6395.

whether any officer concerned is excepted from appointment in the following circumstances:

\*　\*　\*　\*　\*　\*

"(d) Officers on sick leave or under treatment in hospitals; medical officers in command of naval hospitals are enjoined to advise BuPers in such instances; personnel concerned will be considered for appointment when and if the officer concerned is later found to be physically qualified and is recommended by his commanding officer. A copy of physical examination shall accompany such recommendation in each case."

We have seen that the plaintiff was in a Naval hospital, or on sick leave as a hospital patient at the time of the July 1, 1945 blanket promotion, and thereafter until he was discharged on December 17, 1945 from the hospital to the separation center. Because of the express condition precedent to promotion stated in the blanket promotion announcements, the plaintiff was not promoted. The statute authorizing the President to make temporary promotions permitted him to publish regulations stating the conditions under which promotions would be made. The authority was a broad one, and Congress would not have contemplated that if the President set a relatively short period of service as making one eligible to promotion, he would make the promotion regardless of the physical ability of the officer to serve in the higher rank. The principal, perhaps the only, purpose of the temporary promotions statute was to keep the services staffed with the necessary number of officers of the grades necessary to the proper staffing of the forces greatly augmented in war time. The purpose of the temporary promotions was quite different from that expressed in the 1911 statute. That statute contemplated the regular advancement of junior officers in the Regular Navy, and the rewarding of those who had served for the considerable periods then required, even though they had had the misfortune to miss pro-

motion because they had become disabled.

It may well be that if the President had not attached conditions other than time in the service to the eligibility for temporary promotion, the 1911 statute would have been applicable. We decide only that the conditions which he did attach, and which the plaintiff could not comply with, were valid conditions, authorized by the 1941 statute.

The fact that the plaintiff's commanding officer, in disregard of the express provisions of the President's announcements, caused the plaintiff to undergo a physical examination to determine his physical fitness for the grade of lieutenant (junior grade) seems to us to be of no significant weight as evidence that the Navy interpreted the statutes and Presidential announcements as the plaintiff would have us interpret them. We think rather, that the commanding officer made a mistake, and that the Navy and the Government were not bound to carry his mistake to its conclusion.

The plaintiff's motion for summary judgment is denied. The defendant's similar motion is granted and the petition is dismissed.

It is so ordered.

JONES, Chief Judge, and LARAMORE and DURFEE, Judges, concur.

WHITAKER, Judge (dissenting).

At the time the President's Message of July 1, 1945, was circulated throughout the Navy (ALNAV 149–45) plaintiff was in the hospital and, therefore, was not eligible to promotion thereunder, since ALNAV 149–45 was subject to the provisions of BUPERS CIRCLTR 222–43, and this circular excepted from the terms of ALNAV 149–45 "officers on sick leave or under treatment in hospitals."

However, this same BUPERS CIRCLTR 222–43 says that "personnel concerned will be considered for appointment when and if the officer concerned is later found to be physically qualified and

is recommended by his commanding officer."

On December 17, 1945, plaintiff was released from the hospital and ordered to report to the United States Naval Personnel Separation Center, Washington, D. C. Upon reporting there, the commanding officer of the Separation Center ordered him to "report to a medical officer or to a Board of Medical Examiners for examination to determine your physical fitness to perform the duty of a lieutenant (junior grade) for temporary service. * * *" He did report, and was examined and was found physically disqualified.

The question presented then is: Does the Act of March 4, 1911, 34 U.S.C. § 390 (1952 ed.) apply to such a person. This section reads in part:

"* * * If any officer of the United States Navy, below the rank of lieutenant (junior grade), shall fail in his physical examination for promotion and be found incapacitated for service by reason of physical disability contracted in the line of duty, he shall be retired with the rank to which his seniority entitled him to be promoted * * *."

Plaintiff was entitled to promotion under the Temporary Promotion Act and ALNAV 149–45, unless excepted from its provisions, since he had entered the service between the specified dates of February 2 and February 29, 1944, prescribed in ALNAV 149–45. ALNAV 149–45 authorized the promotion of all reserve officers who entered on active duty between those dates. Officers who entered on active duty after February 29, 1944, were not entitled to promotion. Those who entered on active duty between those dates had seniority over those who entered later. No doubt an earlier ALNAV had authorized the promotion of those entering the service before February 2, 1944.

I think it should be said, therefore, that plaintiff had the seniority which entitled him to be promoted within the meaning of the Act of March 4, 1911. If he did, he is entitled to the benefits of the provisions of the Act of March 4, 1911, after release from the hospital. After his release, he was ordered to report for examination to determine his physical fitness for promotion to the rank of lieutenant, junior grade, and was found physically unfit. Since his seniority entitled him to the promotion, he was entitled under the Act of March 4, 1911, to be retired in the next higher rank of lieutenant, junior grade.

I think he is entitled to recover the difference between the retired pay of an ensign and a lieutenant (junior grade) for six years prior to the filing of his petition and until the date of judgment.