WhitakeR, Judge,
delivered the opinion of the court:
Plaintiff was serving on active duty as a lieutenant commander in the Naval Reserve when, on July 10,1944, he was hospitalized with a diagnosis of coronary thrombosis. While in the hospital he was promoted to the rank of commander, United States Naval Reserve, on July 27, 1945. Since plaintiff was at that time awaiting the action of a Naval Retiring Board, his promotion was withdrawn. On June 19, 1945, a Naval Retiring Board found him incapacitated for active service by reason of coronary thrombosis. The findings of the retiring board were approved and plaintiff was retired for physical disability, as a lieutenant commander, on October 1, 1945.
By this suit, plaintiff seeks to recover the difference between the retired pay of a commander and that of a lieutenant commander, which has been paid him, from the date of his retirement to date of judgment.
*478 Plaintiff was placed on a promotion list for promotion to commander in the Naval Beserve on July 7, 1945. On July 27,1945, by Bureau of Personnel Circular Letter 220-45, plaintiff was “appointed to the rank of commander for temporary service” in the Naval Beserve, subject to mental, moral, professional and physical qualifications. This was a temporary appointment as provided for in the Act of July 24, 1941, 55 Stat. 603. When it was discovered that plaintiff’s case was pending before a retiring board at the time of his promotion, the promotion to commander was withdrawn, because under the regulations then in effect he was excepted from promotion and, as stated, plaintiff was thereafter retired as a lieutenant commander because of physical disability.
Plaintiff contends he was entitled to have been retired in the rank of commander under the provisions of the Act of March 4, 1911, 36 Stat. 1267. That Act as codified in 34 U.S.C. § 390 (1946 Edition) provided:
Hereafter, if any officer of the United States Navy below the rank of lieutenant (junior grade) shall fail in his physical examination for promotion and be found incapacitated for service by reason of physical disability contracted in line of duty, he shall be retired with the rank to which his seniority entitled him to be promoted.
It is clear that this Act had no application to plaintiff, a lieutenant commander, since it only applied to officers below the rank of lieutenant (junior grade).
In the 1911 Act the words “below the rank of lieutenant (junior grade)” did not appear and plaintiff says there was no authority for their insertion in the 1946 edition of United States Code. The reason for the insertion appears to be this: After the enactment of the Act of June 23, 1938, 52 Stat. 944, no officer could be promoted to a grade above that of lieutenant (junior grade) except upon the recommendation of a board of officers. Hence, no one above that grade could be promoted upon the basis of seniority alone. Promotions on such a basis applied alone to lieutenants (junior grade) and below. This being true, plaintiff had no right to be retired as a commander under the 1911 Act.
There is still another reason why plaintiff cannot recover under the 1911 Act. Plaintiff’s promotion to commander, *479 which was subsequently withdrawn, was made pursuant to the Act of July 24,1941, supra, which authorized the President to make temporary appointments and promotions in time of war or national emergency. In Binvenu v. United States, 150 Ct. Cl. 763, we held that the Act of March 4,1911, applied only in the case of permanent promotions, as opposed to temporary appointments or promotions under the 1941 Act. That decision is controlling insofar as plaintiff’s right to recover under the 1911 Act is concerned.
Plaintiff also relies on section 12 (h) of the Act of June 23, 1938, supra, at page 950, which provided that:
Officers on a promotion list who fail to pass the required physical examination for promotion and who are found incapacitated for service by reason of physical disability contracted in line of duty shall be retired in the rank for which they were selected or adjudged fitted with retired pay at the rate of 75 per-centum of active duty pay of the grade to which selected or adjudged fitted.
This act prescribed the peacetime method for making permanent promotions for officers of the Regular Navy and Marine Corps prior to World War II. There was then no provision for temporary promotions. Berry v. United States, 130 Ct. Cl. 33, cert. denied 349 U.S. 938. By the Naval Reserve Act of 1938, 52 Stat. 1175, officers of the Naval and Marine Corps Reserve were extended the same promotion and retirement rights as regular officers under the Act of June 23, 1938, supra; but, since plaintiff’s promotion was effected under the Act of July 24, 1941 and was to be a “temporary appointment”, plaintiff derived no benefit from it. Cf. Bienvenu v. United States, supra.
Section 12(h) of the Act of June 23, 1938 was not made applicable in the case of temporary promotions by section 8 (e) of the Act of July 24,1941, supra, which provided that, except in certain cases not pertinent here, officers should be retired “in accordance with existing laws providing for the retirement of officers”, because under the law existing at that time an officer of the Navy who was retired for physical disability was not given the right to be retired in a higher temporary rank to which he would have been promoted except for his physical disability. Only in the case of promo *480 tion. to a higher permanent rank did an officer have the right to be so retired.
Plaintiff relies on Leonard v. United States, 131 Ct. Cl. 91; Fredrickson v. United States, 133 Ct. Cl. 890; and Williams v. United States, 145 Ct. Cl. 513, and although those cases involved section 402(d) of the Career Compensation Act of 1949, plaintiff contends that that section was merely a re-enactment of preexisting law.
Section 402(d), supra, did reenact, in substance, section 312(i) of the Officer Personnel Act of 194T, 61 Stat. 795, 860, which gave to officers on the promotion list for temporary promotion the same rights as were granted to officers on the promotion list for permanent promotion, but, since plaintiff was retired in 1945, he cannot claim the benefits of the provisions of the Officer Personnel Act of 1947 or of the Career Compensation Act of 1949. His rights must be determined under the law existing at the time of his retirement. This was the Act of June 23, 1938, and plaintiff cannot claim its benefits because it applied only to permanent promotions.
Plaintiff is not entitled to recover and his motion for summary judgment is denied. Defendant’s motion for summary judgment is granted and plaintiff’s petition will be dismissed.
It is so ordered.
Peed, Justice {Ret.) sitting by designation; Durfee, Judge; Laeamore, Judge; and JoNes, Chief Judge, concur.